IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAM WINTERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-218-BN |
| | § | |
| ZENO DIGITAL SOLUTIONS, LLC | § | |
| d/b/a Zeno Imagining, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the undersigned United States magistrate judge for all proceedings under 28 U.S.C. § 636(c). *See* Dkt. No. 6. For the reasons and to the extent stated below, the Court DISMISSES this action without prejudice under Federal Rule of Civil Procedure 41(b).

**Applicable Background**

On May 14, 2018, counsel for Plaintiff Jeffrey William Winters filed a Notice of Dismissal with an attached memorandum in support. *See* Dkt. No. 10. The Notice urges the Court to dismiss this case without prejudice under Federal Rule of Civil Procedure 41(a)(2) because "Plaintiff has lost communication with his counsel and therefore can not properly assist in presenting his case to the Court." Dkt. 10-1 at 1, 3 (further providing that "Plaintiff's counsel has attempted to contact Plaintiff on multiple occasions unsuccessfully" and that, since "[t]he case was removed to Federal Court on January 29, 2018 ... to present, counsel has attempted to contact Plaintiff through his personal information provided, correspondence, and emergency contact

information over this period of time").

The next day, the Court, citing, particularly, "the lack of communication between Plaintiff and his counsel since the removal of this action – which necessarily means that Plaintiff's counsel without consultation with Plaintiff himself is moving for voluntary dismissal under Rule 41(a)(2)" – entered an order characterizing "the representations in the Notice as seeking to establish that this action should be dismissed for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b)." Dkt. No. 11 at 1-2 (citing *Lopez v. Ark. Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)))).

That order required that, by no later than May 22, 2018, counsel for Winters file a response and provide under seal contact information for Winters. On May 21, 2018, counsel submitted contact information as required but failed to file a substantive response. *See* Dkt. No. 13. The Court forwarded a copy of the May 15, 2018 order to Winters on May 22, 2018. *See* Dkt. No. 13. And, as required by the May 15, 2018 order, Defendant Zeno Digital Solutions, LLC filed a response on May 29, 2018 representing that it did not oppose dismissal without prejudice under Rule 41(b). *See* Dkt. No. 14 ("Defendant is in agreement with dismissing this cause for want of prosecution without prejudice. Defendant is not seeking to recover cost, fees, or expenses of any kind from the Plaintiff in connection with the dismissal for want of prosecution.").

**Legal Standards and Analysis**

Under Rule 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citation omitted).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (quoting, in turn, *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional

dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

The record here – reflecting that Winters has failed to respond to his counsel for some four months – supports finding that Winters has failed to prosecute his lawsuit and that his unresponsiveness has prevented this action from proceeding. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the Court concludes that lesser sanctions would be futile.

The Court is not required to delay the disposition of this case until such time as Winters decides to engage in his action. The Court therefore exercises its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismisses this action without prejudice.

The Notice, however, acknowledges a statute-of-limitations issue present here. *See* Dkt. No. 10-1 at 3 (noting that the limitations period will run as of December 18, 2018, two years after Plaintiff's December 18, 2016 accident, *see* Dkt. No. 1-5 at 8-9). Therefore, absent equitable tolling, this case, once dismissed, cannot be timely re-filed after December 18, 2018, meaning that, even a dismissal without prejudice, could operate as a dismissal with prejudice.

The Court therefore conditions its dismissal without prejudice under Rule 41(b) to allow Winters leave to file a motion to reopen this action on or before 30 days from the date of this memorandum opinion and order. *Cf. Monell v. Berryhill*, No. 4:17-cv-22-O-BP, 2017 WL 3098584, at *2 (N.D. Tex. June 30, 2017) (adopting the same procedure where a Social Security appeal was dismissed without prejudice under Rule

41(b)), *rec. accepted*, 2017 WL 3086326 (N.D. Tex. July 20, 2017).

## Conclusion

This action is DISMISSED without prejudice under Federal Rule of Civil Procedure 41(b) for want of prosecution and without prejudice to Plaintiff Jeffrey William Winters filing a motion to reopen this action within 30 days.

The Clerk shall mail a copy of this memorandum opinion order and the judgment, to be entered separately, to Winters at the address previously provided.

SO ORDERED.

DATED: May 30, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE